UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN STATES INSULATORS AND ALLIED WORKERS PENSION PLAN, *et al.*, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>JENCO MECHANICAL INSULATION, INC., <br><br>　　　　Defendant. <br>_____/ | No. C-11-00175 EMC <br><br> **ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE** |

　　　　Plaintiffs are Western States Insulators and Allied Workers Pension Plan, Western States Insulators and Allied Workers Individual Account Plan, and Western States Insulators and Allied Workers Health Plan (collectively, "Plaintiffs Benefit Funds"). Plaintiffs Benefit Funds are employee benefit plans, maintained for the purpose of providing retirement, health and welfare, and related benefits to eligible participants. Plaintiffs filed suit against Defendant Jenco Mechanical Insulation Inc. ("Jenco"), asserting claims pursuant to Employee Retirement Income Security Act ("ERISA"), *see* 29 U.S.C. 1132. After Defendant failed to respond to Plaintiffs' complaint, default was entered against Defendant on July 25, 2011. *See* Docket No. 17. Plaintiffs thereafter moved for default judgment on December 30, 2011. *See* Docket No. 21. Having considered Plaintiffs' brief and accompanying submissions, the Court hereby orders that supplemental briefing and/or evidence be provided as follows.

United States District Court
For the Northern District of California

### A. Collective Bargaining Agreement and Trust Agreements

In their complaint, Plaintiffs allege that Defendant is "required to make contributions to the Plaintiffs Benefit Funds for each hour worked by its bargaining unit employees at the rate and in the manner specified in the Collective Bargaining Agreement and Trust Agreements." Compl. ¶ 11. Plaintiffs further assert that "[p]ursuant to the Trust Agreements and the Collective Bargaining Agreement, Defendant is required to provide access to the records necessary for the Benefit Funds to determine whether Defendant complied with its obligation to contribute to the Plaintiffs Benefit Funds." Compl. ¶ 12. Additionally, Plaintiffs claim that Defendant is "obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, the Trust Agreements . . . ." Compl. ¶ 15. However, Plaintiffs fail to provide copies of both agreements in support of their motion for default judgment. Thus, it is unclear whether the agreements required Defendant to make such payments and provide Plaintiffs access to its records. More importantly, it is unclear from the record as it stands whether the agreements apply to Defendant at all. The Court therefore orders that Plaintiffs provide any and all evidence establishing that the agreements bind Defendant to such obligations (*e.g*, the Collective Bargaining Agreement and Trust Agreements, any letters of assent to those agreements, etc.).

### B. *Eitel* Factors

It is within the court's discretion to grant or deny a motion for default judgment. *Board of Trustees of the Laborers Health and Welfare Trust Fund v. Perez*, 2011 WL 6151506, at *6 (N.D.Cal. Nov. 7, 2011) (citing *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 2010 WL 2889490, at *2 (C.D.Cal. Jul. 19, 2010). The Ninth Circuit has directed courts to consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In their motion for default judgment, Plaintiffs fail to address the *Eitel* factors. Hence, Plaintiffs fail to explain why they are entitled to default judgment for their claims. Plaintiffs shall file supplemental briefing explaining why they are entitled to default judgment based on the *Eitel* factors. In particular, Plaintiffs should provide a complete discussion on *Eitel* factors (2) and (3). *See Philip Morris U.S.A. v. Castworld Prods.*, 219 F.R.D 494, 499 (C.D. Cal. 2003) (noting the second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover") (citation omitted).

C. Service

The Court notes that Plaintiffs do not appear to served the motion for default judgment on Defendant. Plaintiffs are ordered to serve a copy of their motion for default judgment on Defendant within three days of the filing of this order. Thereafter, Plaintiffs shall file a proof of service with the Court.

D. CONCLUSION

Accordingly, the Court orders Plaintiffs to file the above-described supplemental briefing along with any and all supporting evidence within one week of the date of this order.

Plaintiffs shall serve a copy of this order on Defendant within three days of the filing of this order. Thereafter, Plaintiffs shall file a proof of service with the Court.

IT IS SO ORDERED.

Dated: January 12, 2012

_____
EDWARD M. CHEN
United States Magistrate Judge

3