UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WESTERN STATES INSULATORS AND ALLIED WORKERS PENSION PLAN, *et al.*,

    Plaintiffs,

    v.

JENCO MECHANICAL INSULATION, INC.,

    Defendant.
_____/

No. C-11-0175 EMC

**ORDER GRANTING PLAINTIFFS' MOTION TO HOLD DEFENDANT AND ITS PRESIDENT IN CONTEMPT**

**(Docket No. 48)**

## I. INTRODUCTION

Pending before the Court is Plaintiffs' motion to hold Defendant and its president, Scott Jenson, in contempt for failure to comply with this Court's August 31, 2013 partial judgment. The August 31, 2013 judgment ordered Defendant to produce its books and records for the period of January 2006 to August 2010 to allow Plaintiffs to review the books and perform an audit. After some initial difficulty effecting service, Defendant was served with the judgment on October 5, 2012. Though Mr. Jenson was not personally served with the judgment, it would appear from Plaintiffs' communications with one of Defendant's employees that Mr. Jenson is aware of the judgment. Despite some subsequent communications with one of Defendant's employees, Defendant has yet to comply with the Court's order. Neither Defendant nor Mr. Jenson responded to the instant motion, or appeared at the May 16, 2013 hearing.

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs filed this ERISA case on January 12, 2011, alleging that Defendant had refused to submit to an audit that is required under the terms of the applicable Trust Agreement and Collective Bargaining Agreement. Docket No. 1. The complaint sought an injunction compelling Defendant to submit to an audit for the period of time between January 2006 and August 2010, and an order compelling Defendant to pay all money found owed upon completion of the audit, as well as various fees, costs and other damages. On March 9, 2011, the Court extended the deadline to file an answer to March 17, 2011 by stipulation of the parties. Docket No. 7. Plaintiffs later requested a further extension of the deadline for Defendant's answer to July 20, 2011, indicating that Defendant had contacted Plaintiffs indicating a willingness to voluntarily submit to an audit. The Court granted the request. Docket No. 11.

Defendant did not ultimately submit to the audit, nor did it file an answer by July 20, 2011. Plaintiffs then sought and obtained entry of default on July 25, 2011. Docket No. 17. Plaintiffs filed a motion for default judgment on December 30, 2011, requesting an injunction compelling Defendant to submit to an audit. Docket No. 21. After supplemental briefing ordered by the Court, Plaintiffs' motion was granted on April 3, 2012. Docket No. 36. The Court found that Plaintiffs had effected proper service of the summons and complaint on Defendant by serving Jenson, who is a registered agent for Defendant, on February 9, 2011. *Id.* at 3. The Court further found that Plaintiffs properly served Defendant with the motion for default judgment by mail. *Id.* Defendant did not file a response to the motion or appear at the hearing. Docket No. 35. In order to retain jurisdiction over any post-audit request for money damages, the Court delayed entry of judgment for 90 days. Docket No. 36 at 7.

Plaintiffs thereafter filed a motion for reconsideration with leave of the Court, asking the Court to modify the April 3, 2012 order to provide for the entry of partial judgment against Defendant so that such judgment could be registered with the District of Idaho, where Defendant is located. Docket No. 40. Plaintiffs also served the motion on Defendant via mail. Docket No. 40 at 4. Defendant again did not respond to the motion, and this Court granted the motion on August 30, 2012. *Id.* On August 31, 2012, the Court entered partial judgment enjoining Defendant to produce

its books and records for the period of January 2006 to August 2010 to allow Plaintiffs to conduct a review and audit of the records. Docket No. 43. Defendant was required to produce the records within 30 days of the date of entry of the judgment. *Id.* Plaintiffs were to serve a copy of the partial judgment on Defendant. *Id.*

On September 4, 2012, Plaintiffs' counsel retained a process server to serve the order granting reconsideration and the order of partial judgment on Defendant. Declaration of Donna L. Kirchner ("Kirchner Decl,") ¶ 2 (Docket No. 48-1). After some initial difficulty serving Defendant, effected service on Defendant at its business address on October 5, 2012. Kirchner Decl. ¶ 3, Ex. B. Shortly thereafter, Plaintiffs' counsel received a phone call from Defendant's former counsel, Patrick Duffin. *Id.* ¶ 4. Believing Mr. Duffin to represent Defendant, Plaintiffs' counsel subsequently made some efforts to arrange an audit with him, but ultimately discovered that he had resigned his bar membership in lieu of discipline. *Id.* Since she then understood Defendant to be unrepresented, she sent a demand for the audit to Defendant at its business address directly by both certified and first class mail. *Id.* The first class mail was not returned, but the certified mail was returned "unclaimed." *Id.*

On March 19, 2013, Plaintiffs' counsel attempted to reach Defendant by telephone, and left a voice mail message. *Id.* ¶ 5. Mr. Duffin returned her call, and indicated that though he was no longer Defendant's counsel, he was working for Defendant in a non-attorney capacity. *Id.* He indicated that he would talk to Defendant's president, Scott Jenson, about complying with the order. *Id.* He indicated, however, that Mr. Jenson wished to only provide documents for the employees for whom he believed Defendant was required to make contributions to the Pension Fund. *Id.* Plaintiffs' counsel indicated that this was unacceptable, that the Court's order contained no such limitation, and that the purpose of the audit was in part to review the records to ensure that Defendant was making contributions for all covered employees. *Id.* After this conversation, Plaintiffs' counsel sent copies of the partial judgment and the prior communications with Defendant to Mr. Duffin via email. *Id.* ¶ 5, Ex. D. In that email, she indicated that if Defendant did not forward the appropriate records by March 27, Plaintiffs would initiate contempt proceedings. *Id.*

Ex. D.  Plaintiffs have not received any documents or other communication from Defendant or Mr. Duffin since that email.  *Id.* ¶ 6.

Plaintiffs filed the instant motion on April 1, 2013.  Docket No. 48.  Plaintiffs seek an order holding Defendant and Mr. Jenson in contempt for failing to comply with the partial judgment entered on August 31, 2012, and imposing coercive monetary sanctions of $100 per day until Defendant produces the records.  Additionally, in the event that Defendant fails to purge the contempt within 10 days, Plaintiffs seek issuance of a writ of body attachment for the incarceration of Scott Jenson until the contempt is purged.  Plaintiffs have filed a proof of service indicating that (1) Defendant was served with the instant motion at its business address via mail on April 2, 2013; (2) Plaintiffs' counsel emailed a courtesy copy of the motion to Mr. Duffin; and (3) the motion was sent to a process server to effect personal service on Mr. Jenson.  Docket No. 49.  At the hearing on this motion, Plaintiffs' counsel indicated that attempts to personally serve Mr. Jenson at his place of business have been unsuccessful.  Plaintiffs have not attempted personal service on Mr. Jenson at his place of residence.  Neither Defendant nor Mr. Jenson responded to the instant motion, or appeared at the hearing.

### III.   **DISCUSSION**

Civil contempt consists of "a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply."  *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).  The Ninth Circuit has recognized that

> The contempt "need not be willful," and there is no good faith exception to the requirement of obedience to a court order.  But a person should not be held in contempt if his action "'appears to be based on a good faith and reasonable interpretation of the [court's order].'"  "Substantial compliance" with the court order is a defense to civil contempt, and is not vitiated by "a few technical violations" where every reasonable effort has been made to comply.
>
> The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by "clear and convincing evidence," not merely a preponderance of the evidence.

*Go-Video v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir.1993).  More recently, in *Labor/Community Strategy Ctr. v. Los Angeles County Metro. Transp. Auth.*, 564 F.3d 1115, 1123 (9th Cir.2009), the Ninth Circuit reiterated that, for issuance of a contempt order to be proper, the

moving party "must establish '(1) that [the nonmoving party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.'"

Upon a finding of civil contempt, the Court may impose sanctions. *See General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir.1986). "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Id.* at 1380. As a general matter, a "district court 'should apply the least coercive sanction (e.g., a monetary penalty) reasonably calculated to win compliance with its orders.'" *United States v. Alfredofllores*, 628 F.2d 521, 527 (9th Cir.1980). "Where compensation is intended, a fine is imposed, payable to the complainant. Such fine must of course be based upon evidence of complainant's actual loss, and his right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947).

It is undisputed in the record before the Court that Defendant has failed to comply with the Court's August 31, 2012 partial judgment. Though Defendant has apparently responded to at least some of Plaintiffs' requests to communicate, the record indicates that it has produced no actual documents, and has in fact failed to respond to many of Plaintiffs' communications. Plaintiffs appear to have made numerous attempts to serve Defendant with the judgment through various channels. In addition to serving the judgment through the process server in October 2012, Plaintiffs' counsel has also had communications with Defendant's former attorney and current employee Mr. Duffin. It is thus evident that Defendant is aware of the judgment. Nonetheless, the record currently before the Court indicates that Defendant has failed to comply with the Court's judgment.[1]

The main question on this motion, therefore, is what sanctions are appropriate for Defendant's failure to comply with the partial judgment. As Plaintiffs' motion requests coercive

---

[1] Mr. Duffin's statements to Plaintiffs' counsel that Mr. Jenson only wanted to produce documents for the subset of employees he believed fell under the Plan is not a reasonable interpretation of this Court's order to produce all books and records for the relevant time period. Thus Defendant would not be able to raise a substantial compliance defense even had it produced such records.

rather than compensatory monetary sanctions, the Court need not consider whether these sanctions are reflective of any costs to Plaintiffs. Plaintiffs' request of sanctions in the amount of $100 per day is reasonable given Defendant's evasive behavior and non-responsiveness, is reasonably calibrated to coerce compliance, and is in line with other orders providing for coercive monetary sanctions. *See United States v. Gillies*, CV-11-3623 CW MEJ, 2013 WL 968244 (N.D. Cal. Feb. 22, 2013) *report and recommendation adopted*, C 11-03623 CW, 2013 WL 968231 (N.D. Cal. Mar. 12, 2013) (court ordered $250 per day fine for failure to purge contempt); *In re Chase Bank USA, N.A. Check Loan Contract Litig.*, MDL 2032, 2013 WL 772714 (N.D. Cal. Feb. 28, 2013) (fine of $300 per day for failure to purge contempt).

Since a court is generally to apply the least coercive sanction that is reasonably calculated to achieve compliance, the Court declines to provide for a writ of body attachment for Mr. Jenson at this time. This is without prejudice, however, to Plaintiffs' ability to request such a writ at some future point if less invasive sanctions are unsuccessful.

A corporate officer or agent of a defendant may be held liable for contempt where they have notice of the court's order and are responsible to ensure compliance. *See N.L.R.B. v. Goodsell & Vocke, Inc.*, 645 F.2d 680, 681 (9th Cir. 1981). For example, the Ninth Circuit has held that writs of body attachment may be issued authorizing arrest and jailing of an officer or agent of a corporate party where said officer or agent is responsible for the default. *Id.* at 681 (finding corporate defendant in contempt, providing for monetary penalties, and reserving "jurisdiction to issue, pursuant to application by the Board, a writ of body attachment against Charles R. Vocke, Glenara Vocke, and any officer or agent of Goodsell & Vocke, Inc. responsible for default in complying with this order."); *see also Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 507 (8th Cir. 2000) ("It is well-settled that a court's contempt power extends to non-parties who have notice of the court's order and the responsibility to comply with it.") (citing *Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 325 (1904)).

///

///

///

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to hold Defendant and its President Scott Jenson in contempt, and orders as follows:

1. Plaintiffs shall serve this order on Defendant, and on Scott Jenson personally, at his place of business, personal residence, or wherever necessary to effect personal service.

2. From the date service is effected on Defendant, Defendant shall have 21 days to begin complying, and an additional 60 days to complete compliance, with this Court's August 31, 2012 partial judgement.

3. If Defendant does not begin compliance within this 21 day period, or complete compliance within 60 days thereafter, Defendant and Mr. Jenson, jointly and severally, shall be subject to a fine of $100 per day thereafter until such a time as the contempt is purged.

4. If Defendant does not comply with this Order, both Defendant and Mr. Jenson will upon further motion be subject to additional sanctions, including, but not limited to: increased monetary sanctions (*e.g.* an increase to $250 per day or more), attachment, garnishment, or placement of liens on the property of Defendant and/or Mr. Jenson; and/or a writ of body attachment authorizing the arrest and detention of Mr. Jenson.

This order disposes of Docket No. 48.

IT IS SO ORDERED.

Dated: May 22, 2013

_____
EDWARD M. CHEN
United States District Judge