UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTERN STATES INSULATORS AND ALLIED WORKERS PENSION PLAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JENCO MECHANICAL INSULATION, INC., <br><br> Defendant. <br> _____/ | No. C-11-00175 EMC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FURTHER PARTIAL JUDGMENT** <br><br> **(Docket No. 58)** |

Before this Court is Plaintiffs' Motion for Entry of Further Partial Judgment Assessing Coercive Contempt Fines Against Defendant and Its President, Scott Jenson. For the following reasons, this motion is **GRANTED**.

On May 22, 2013, this Court held Defendant, Jenco Mechanical Insulation, Inc. and its president, Mr. Scott Jenson, in contempt for failing to comply with this Court's partial judgment entered on August 31, 2012. (Dkt. No. 52). The Court stated that Defendant would have 21 days from the date it was served with the contempt order to begin complying with the partial judgment. (*Id.* at 7). The order warned that if compliance did not begin within 21 days, Defendant and Mr. Jenson, jointly and severally, would be subject to a fine of $100 per day until such time as the contempt was purged. (*Id.*) The Court warned Defendant that if the contempt order was not complied with, further sanctions, including increased fines and a writ of body attachment authorizing the arrest of Mr. Jenson, may result. (*Id.*)

Defendant and Mr. Jenson were personally served with the contempt order on May 25, 2013. (Dkt. No. 53, 54). Defendant has not complied with, or otherwise responded to, the contempt order. Accordingly, under the contempt order, fines began accruing at the rate of $100 a day on June 15, 2013 – 21 days after the date of service. Accordingly, this Court **ORDERS** a partial judgment be entered assessing $11,700 in fines, payable to the clerk of this Court, against Defendant and Mr. Jenson, jointly and severally. *See In re Chase & Sanborn Corp.*, 872 F.2d 397, 401 (11th Cir. 1989) ("If the fine is coercive it is paid into the court registry, not to the complainant.").

This Court will "no longer tolerate this blatant disregard for its orders." *Int'l Broth. of Painters & Allied Trades Union & Indus. Pension Fund v. N. Am., Inc.*, Civ. A 94-1005, 1995 WL 732850, at *1 (D.D.C. July 10, 1995). Accordingly, this Court holds Defendant and its President Scott Jenson in further contempt, and **ORDERS** as follows:

1. Plaintiffs shall serve this order on Defendant, and on Scott Jenson personally, at his place of business or personal residence. The proof of service will state with specificity the factual basis for the process server's beliefs that the place of service is either Mr. Jenson's place of business or his personal residence and that the person served is in fact Mr. Jenson.

2. Within 60 days of the date of this order, Plaintiffs shall file a report with the Court detailing the collection efforts completed and in progress.

3. From the date service is effected on Defendant, Defendant shall have 21 days to begin complying, with this Court's August 31, 2012 partial judgment.

4. If Defendant does not comply with this Order, the fines will recommence and Defendant and Mr. Jenson, jointly and severally, shall be subject to a fine of $300 per day thereafter until such a time as the contempt is purged.

///
///
///
///
///

5. From the date service of this Order is effect on Defendant, Mr. Jenson will have 60 days to comply with this Court's August 31, 2012 partial judgment. If Defendant does not comply by submitting to the audit, this Court will issue a writ of body attachment and direct the United States Marshals Service to immediately arrest Mr. Jenson and bring him before the Court.

This order disposes of Docket No. 58.

IT IS SO ORDERED.

Dated: October 10, 2013

_____
EDWARD M. CHEN
United States Magistrate Judge

3